**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**THEOLIA MILLSAP, # 42966-019**                                                    **PETITIONER**

**VERSUS**                                    **CIVIL ACTION NO. 5:13cv111-DCB-MTP**

**BONITA S. MOSLEY and ERIC HOLDER,**
**JR.**                                                                 **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte*.  *Pro se* Petitioner Theolia Millsap filed this

Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [1, 3].  He is presently at the Federal

Corrections Complex in Yazoo City, Mississippi and attacks his sentences for his drug

convictions.  The Court has considered and liberally construed the pleadings.  As set forth below,

this case is dismissed.

**BACKGROUND**

On July 29, 2013, Petitioner filed the instant habeas petition challenging his sentences

handed down from the Northern District of Georgia.  He was convicted by a jury of conspiracy

to possess cocaine and crack cocaine with the intent to distribute, two counts of possession of

crack cocaine with the intent to sell, and using a firearm during a drug trafficking crime.  That

court originally sentenced him on February 7, 1994, to 480 months on the conspiracy, 240

months on the first possession count, 480 months on the second possession count, all to run

concurrently with each other and consecutive to 60 months on the firearm charge.  This gave

Petitioner a total term of 540 months in the custody of the Bureau of Prisons.  The Eleventh

Circuit Court of Appeals affirmed the convictions on March 15, 1995, and the United States

Supreme Court denied certiorari.  *United States v. Millsap*, 50 F.3d 1039 (11th Cir. 1995), cert.

denied, 516 U.S. 848 (1995).  Petitioner's first motion to vacate under 28 U.S.C. § 2255 was

denied on April 14, 1998.  He then unsuccessfully attempted to bring two successive Section

2255 petitions, challenging his sentences.  They were filed on June 11, 2001, and July 2, 2004,

respectively, and raised Sixth Amendment claims, apparently under *Apprendi v. New Jersey*, 530

U.S. 466 (2000).[1]  However, pursuant to a retroactive amendment to the Sentencing Guidelines,

on April 16, 2008, Petitioner was granted reduced sentences of 330 months each on the

conspiracy and second possession count.  This gives him a total term of 390 months.

### DISCUSSION

Petitioner claims his sentences for conspiracy and the second possession count are

improper, because his Sixth Amendment right to a jury was violated.  Specifically, he contends

that since the jury did not determine the drug quantities of which he was guilty, then the district

court had no authority to determine the drug quantities and then use those findings to increase

Petitioner's sentence beyond the twenty year maximum found in 21 U.S.C. § 841(b)(1)(C).  In

support of his argument, he cites *United States v. Clay*, 376 F.3d 1296 (11th Cir. 2004), *United

States v. Sanchez*, 269 F.3d 1263 (11th Cir. 2001), and *United States v. Randle*, 259 F.3d 319

(5th Cir. 2001).  All of these cases rely on *Apprendi*.  *Clay*, 376 F.3d at 1301; *Sanchez*, 269 F.3d

at 1267-68; *Randle*, 259 F.3d at 321.

A petitioner may attack the manner in which his sentence is being executed in the district

court with jurisdiction over his custodian, pursuant to Section 2241.  *United States v. Cleto*, 956

---

[1]Petitioner claims the 2001 case raised claims under *Blakely v. Washington*, 542 U.S. 296 (2004) and that the 2004 case raised claims under *United States v. Booker*, 543 U.S. 220 (2005). Since both these decisions post date the respective successive petitions, the Court assumes Petitioner means that he raised claims under *Apprendi*, which was issued in 2000.

F.2d 83, 84 (5th Cir. 1992).  By contrast, a motion filed pursuant to Section 2255 "provides the primary means of collateral attack on a federal sentence."  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  The proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to Section 2255.  *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990). Petitioner's claim that he was improperly sentenced in violation of his right to trial by jury does not challenge the execution of his federal sentences but instead attacks the validity of his federal sentences.  Since the alleged constitutional violations "occurred at or prior to sentencing," they are not properly pursued in a Section 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241."  *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002).  To meet the stringent "inadequate or ineffective" requirement, the Fifth Circuit holds:

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective to test the legality of his detention.  *Id.* at 901.

In *Wesson*, the Fifth Circuit considered for the first time whether an *Apprendi* claim could meet the savings clause.  *Wesson*, 305 F. 3d at 347-48.  Among other things, Wesson was convicted by a jury of a conspiracy to possess controlled substances with intent to distribute, without a specific drug quantity.  *Id.* at 345.  Nonetheless, he was sentenced to life imprisonment

on the conspiracy count. *Id.* He filed a Section 2241 petition, arguing that *Apprendi* was retroactive. *Id.* at 345. "In *Apprendi*, the Supreme Court held that 'other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury. . . .'" *Id.* at 347 (quoting *Apprendi*, 530 U.S. at 490). Therefore, Wesson argued that he was "actually innocent of the aggravated drug offenses for which he had been sentenced." *Wesson*, 305 F.3d at 347. The court rejected this claim, because "*Apprendi* is not retroactive on collateral review." *Id.* at 348. Moreover, since "*Apprendi* implicates only the validity of the sentence," the case did not establish that Wesson was innocent of the substantive drug offense. *Id.* Therefore, the claim did not satisfy the first prong of the *Reyes-Requena* test. *Id.*

Likewise, Petitioner argues that his drug sentences are excessive because the trial court, rather than the jury, determined the drug quantities. Therefore, he alleges his sentences violate *Apprendi*. His argument likewise cannot satisfy the first prong of the *Reyes-Requena* savings clause test. *Apprendi* is not retroactively applicable to his case, and, even if it were, it does not establish his actual innocence of the underlying conspiracy and possession offenses.

Accordingly, Petitioner's claims are not properly pursued under Section 2241, and the Petition for habeas relief shall be dismissed as frivolous. To the extent the Petition can be construed as a Section 2255 motion, it shall be dismissed for lack of jurisdiction. *Pack*, 218 F.3d at 454.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, this cause should be and is hereby dismissed with prejudice regarding the jurisdictional issue only and dismissed without prejudice in all other respects. A separate final judgment shall issue

pursuant to Federal Rule of Civil Procedure 58.

So ordered, this the 21st day of August, 2013.

 s/David Bramlette_____
UNITED STATES DISTRICT JUDGE